IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                         Case No. 12-cr-2218 KWR

RONDALE GASKIN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's Motion for Compassionate Release from Custody, filed August 18, 2020. **(Doc. 58)**. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges the COVID-19 pandemic poses an unreasonable risk of harm while in prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

### BACKGROUND

On July 26, 2013, Defendant pled guilty to Distribution of 28 Grams and More of Cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). **(Docs. 44 and 46).** On October 22, 2013, the Court sentenced him to 120 months imprisonment, followed by eight years of supervised release. **(Doc. 51).** According to the PSR, this appears to have been the minimum sentence available to the sentencing judge, and the plea agreement significantly reduced his expected prison sentence. Defendant's current release date is August 9, 2021. It appears he is serving the remainder of his sentence at a reentry program or halfway house in Albuquerque. **Doc. 65**. At the time he filed this motion he was at FCI Elkton, but according to the BOP inmate locator Defendant is currently serving the remainder of his sentence in a reentry program. *See*

*https://www.bop.gov/inmateloc/* (last accessed November 18, 2020).

On August 18, 2020, Defendant filed a *pro se* Motion seeking compassionate release due to COVID-19.  **Doc. 58.**  Defendant filed the motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  He asserts he is at significant risk of contracting and developing severe complications from COVID-19 because he has uncontrolled diabetes and high blood pressure. **Doc. 58.** The Federal Public Defender also filed a motion to appoint counsel on his behalf, **Doc. 57,** and the Court denied that motion. **Doc. 59.** Defendant does not state where he would stay if released.  The Bureau of Prisons Inmate Locator reflects that Defendant is 46 years old, and his release date is August 9, 2021.  *See* https://www.bop.gov/inmateloc/.

The record reflects that the Government's response was sent to Defendant at this reentry program and halfway house, but no reply was filed.  **Doc. 65.**  It has been approximately 2 months since the response was filed and one month since the response was resent to Defendant at his reentry facility.  Therefore, the Court considers this motion fully briefed.

## DISCUSSION

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c).  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at 5239.  Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ."  18 U.S.C. § 3582(c)(1)(A).  The Court

assumes the exhaustion requirement is not relevant here, as the Government admits Defendant exhausted his administrative rights.

Compassionate release is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana*, 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1. The Application Notes to U.S.S.G. § 1B1.13 describe two categories of extraordinary medical impairments. The first category applies to prisoners 65 or older who have served at least 10 years (or 75%) of their sentence and are experiencing "serious deterioration … because of the aging process." U.S.S.G. § 1B1.13, app. note. The second category applies to any prisoner "suffering from a terminal illness" or "a serious … medical condition that substantially diminishes the ability … to provide self-care within the environment of the correctional facility." *Id.*

Whether the pandemic fits within U.S.S.G. § 1B1.13, or constitutes a distinct circumstance, many courts have found "extraordinary and compelling reasons" for release based on underlying

3

health conditions and COVID-19. *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors"). Assuming COVID-19 can constitute a basis for compassionate release, the Court will not find "extraordinary and compelling circumstances" based on generalized COVID-19 fears and speculation. *United States v. Heywood*, No. CR 17-2240 JAP, 2020 WL 4904050, at *2 (D.N.M. Aug. 19, 2020).

Here, Defendant contends he has two underlying conditions (diabetes and hypertension) that place him at a greater risk for complications from COVID-19. The Center for Disease Control (CDC) states that these conditions increase his risk of complications and death from COVID-19. *See https://www.cdc.gov/coronavirus/2019-ncov/*. However, the record does not reflect what specific, personal risk Defendant faces at either his prior facility or in his current reentry program or halfway house in Albuquerque. There is nothing in the record that reflects whether there is an active outbreak of COVID-19 at his reentry facility or halfway house, or what precautions his facility takes. As noted above, the Court will not find "extraordinary and compelling" reasons to release a defendant on generalized, speculative COVID-19 fears.

Even if Defendant satisfies the first prong of the test, he must demonstrate he (1) is not a danger to the community and (2) that the Section 3553(a) factors favor release. *See United States v. Carter*, 2020 WL 3051357, at *3 (S.D.N.Y.) (Section 3553(a) factors did not justify early release despite extraordinary and compelling reasons); *Easter v. United States*, 2020 WL 3315993, at *4 (E.D. Va.) (same); *United States v. Sears*, 2020 WL 3250717, at *2 (D.D.C.) (denying motion based on Section 3553(a) factors, despite petitioner's diabetes and hypertension). The community safety analysis focuses on the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. U.S.S.G. § 1B1.13(2). (incorporating the 18 U.S.C. § 3142(g) factors). It also considers the danger to the community by a defendant continuing to commit crimes. Section 3553(a) incorporates some of these factors and also focuses on deterrence, the guideline range, and the need to avoid unwarranted sentence disparities among similar offenders. 18 U.S.C. § 3553(a)(1)-(7).

The Court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)." USSG § 1B1.13(2). This includes the risk that Defendant would continue to commit crimes. Here, the § 3142(g) factors weigh toward finding he is a danger to the community. Defendant possessed a significant amount of cocaine base with the intent to distribute it. **Doc. 44 at 4.** He also committed this offense while serving a term of supervised release on a previous federal conviction for possessing cocaine base with the intent to distribute it. **PSR at 7-8.** Defendant also has a disciplinary record while incarcerated. **Doc. 63, Ex. 5.** Because of the repeated nature of the crime and the prior violation of supervised release, the Court cannot find that Defendant is not a danger to the community.

Furthermore, after evaluating all § 3553(a)(1)-(7) factors and the record, the Court declines

to grant compassionate release in this case.  Defendant committed a serious drug trafficking offense while on supervised release for a prior drug trafficking offense. Defendant entered into a plea agreement that significantly reduced his exposure to incarceration.  **PSR at 15 ¶65.**  He received the minimum sentence available at sentencing.  **PSR at ¶¶ 63, 64.**  Reducing his sentence would therefore not further the need for deterrence or protect the public from further crimes, and would likely instead increase sentencing disparities.  Moreover, reducing his sentence would not promote respect for the law, reflect the seriousness of the offense, or provide for just punishment for the offense.  The 600-page medical record provided by the Government does not indicate he is receiving inadequate medical care.

Accordingly, the Court will the deny the Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 58)** is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE